*NOT FOR PUBLICATION*

```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
           DIVISION OF ST. CROIX
            APPELLATE DIVISION
```

MEREL SMITH,                    ) D.C. Civ. APP. NO. 2006/044
                                )
            Appellant,          ) Re: Sup.Ct.Crim. 228/2003
                                )
        v.                      )
                                )
IVER A. STRIDIRON, ATTORNEY GENERAL)
GOVERNMENT OF THE VIRGIN ISLANDS, )
                                )
            Appellee.           )
_____)

        On Appeal from the Superior Court of the Virgin Islands

                    Considered: June 15, 2007
                     Filed: February 26, 2008

BEFORE:     CURTIS V. GÓMEZ, Chief Judge, District Court of the
            Virgin Islands; RAYMOND L. FINCH, Judge of the District
            Court of the Virgin Islands; and AUDREY L. THOMAS,
            Judge of the Superior Court of the Virgin Islands,
            sitting by Designation.

ATTORNEYS:

Merel Smith, pro se
St. Croix, U.S.V.I.


Richard Schrader, AAG
St. Croix, U.S.V.I.
        Attorney for Appellee.


```
                    Memorandum Opinion
```

Per Curiam.

*Merel Smith v. Gov't of the V.I.*
D.C. Civ. App. No. 2006/0044
Memorandum Opinion
page 2

## I. Issue Presented

Appellant, Merel Smith, was convicted and sentenced for local crimes by the Territorial Court of the Virgin Islands, Division of St. Croix. Appellant challenges the trial court's denial, on remand, of Appellant's petition for writ of habeas corpus. Appellant raises one appealable issue for this Court's consideration.

Whether the trial court erred in determining that the requirements of 5 V.I.C. § 4503(c) were satisfied when Appellant was transferred from Golden Grove Correctional Facility in St. Croix, U.S. Virgin Islands to Wallens Ridge Prison in Big Stone Gap, Virginia.

## II. Facts and Procedural Posture

The instant *pro se* Appellant is currently incarcerated at the Wallens Ridge Prison in Big Stone Gap, Virginia.[1] In the underlying appeal, Appellant challenged his confinement at Wallens Ridge on several grounds, including that the Attorney General at the time, Iver Stridiron, abused his discretion by transferring Appellant to Wallens Ridge without the availability of adequate educational opportunities there. This Court considered Appellant's various claims and on October 23, 2003,

---

[1] The Government of the Virgin Islands has the requisite Congressional approval to enter into an agreement with any of the fifty states for the transfer, housing and care of Virgin Islands prisoners, 4 U.S.C. § 112; *Maxwell v. Stridiron*, 45 V.I. 185 (2003).

*Merel Smith v. Gov't of the V.I.*
D.C. Civ. App. No. 2006/0044
Memorandum Opinion
page 3

remanded the matter to the Superior Court for further

consideration concerning one claim. Specifically, whether

Appellant was improperly deprived of his statutory right to

access educational or vocational programs at the institution in

which he is housed. *See Merel Smith v. Iver Stridiron,* D.C. Civ.

App. No: 2002-51.

    On remand, the trial court made several factual findings.

First, the trial court found that there were various educational

opportunities at Wallens Ridge, including the following programs:

Substance Abuse, Anger Management, Breaking Barriers, Productive

Citizenship, Special Education, Adult Basic Education (several

levels), the LIP Program, G.E.D. classes, Cognitive Skills and

Custodial Maintenance. Second, the trial court found that the

Virgin Islands Bureau of Corrections on St. Croix also had

several educational programs including: G.E.D., Anger Management,

Substance Abuse, Pre-G.E.D, Carpentry, Mechanics and Upholstery.

Finally, the trial court found that Appellant's inmate profile

revealed that he completed the Adult Basic Education and

Cognitive Skills Program at Wallens Ridge in 2002 and applied for

the Anger Management Program the same year. After examining the

facts on the record, the trial court held that the Virgin Islands

statute which provides that educational and vocational

opportunities shall be made available to the incarcerated, does

*Merel Smith v. Gov't of the V.I.*
D.C. Civ. App. No. 2006/0044
Memorandum Opinion
page 4

not mandate that the programs offered at both facilities be the same.  On November 7, 2005, the trial court denied Appellant's Petition for Writ of Habeas Corpus. This timely appeal followed.

## III. Discussion

### A.   Jurisdiction and Standard of Review

This Court has jurisdiction to review the judgments and orders of the Superior Court in civil habeas corpus cases. *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a. For mixed questions of law and fact, a reviewing court must separate an issue into its component parts and apply a clearly erroneous standard to the factual component and a plenary standard to the legal component. *C.f. Ram Const. Co., Inc. v. American States Ins. Co.*, 749 F.2d 1049, 1953 (3d Cir. 1984); *Parrott v. Government of the Virgin Islands*, 41 V.I. 188, 56 F. Supp. 2d 593, 594 (D.V.I. App. Div. 1999).

### B.   Whether the trial court erred in determining that the requirements of 5 V.I.C. § 4503(c) were satisfied.

Appellant argues that the trial court erred in holding that the requirements of 5 V.I.C. § 4503(c) were satisfied when Appellant was transferred to Wallens Ridge. Appellant challenges both the trial court's finding of facts and its interpretation of the statute. This Court will first address the trial court's interpretation of the statute in dispute.

*Merel Smith v. Gov't of the V.I.*
D.C. Civ. App. No. 2006/0044
Memorandum Opinion
page 5

### 1. The trial court's interpretation of V.I. Code Ann. tit. 5 § 4503(c)

In questions of statutory interpretation, our review is

plenary. *See Parrot v. Government of the Virgin Islands*, 41 V.I.

188, 56 F. Supp. 2d 593, 594 (D.V.I. App. Div. 1999).

4503 (c) states in pertinent part:

> The Attorney General is authorized to enter into
> agreements to use the correctional or detention
> facilities of the United States Bureau of Prisons; or
> the correctional facilities of any state or local
> government or private correctional entity located in
> the United States, its territories, possessions,
> commonwealths or the District of Columbia, which are
> accredited by the American Correctional Association,
> when the Attorney General determines that detention
> and/or correctional facilities within the Virgin
> Islands are inadequate to serve the best interest of
> the inmate or the general interest or welfare of the
> Territory; provided that as a condition of and prior
> to the transfer of any inmates, the Attorney General
> shall ascertain and insure the availability of
> educational and/or vocational programs at the
> institution they are to be transferred to for the
> purpose of enabling such inmates to gain marketable
> skills, and provided further that no inmate is to be
> transferred to any institution lacking any such
> program(s). V.I. Code tit. Ann. 5 § 4503 (c).

Appellant argues, that pursuant to 5 V.I.C. § 4503(g), the

Director of the Bureau of Corrections failed to promulgate rules

and regulations, mandated by the legislature, establishing the

procedure by which the Bureau of Corrections ascertained the

availability of educational and/or vocational programs at the

*Merel Smith v. Gov't of the V.I.*
D.C. Civ. App. No. 2006/0044
Memorandum Opinion
page 6

institution to which a Virgin Islands inmate is transferred.[2]

(Appellant's Brief p. 12) Act No. 4399 § 1, Sess. L. 1980 p. 3-4.

However, Appellant's argument is based on antiquated law.

5 V.I.C. § 4503 went through several amendments. The first

of those amendments occurred in 1987. The 1987 Amendment of 4503

re-designated former subsection(g) as subsection(c). Act No. 5265

§ 402(a)(3),(4), Sess. L. 1987 p. 55. In pertinent part, the

effect of the 1987 amendment eliminated previous subsection (g)

and substituted "Attorney General" for "Director." Thereafter, in

1997, 4503(c)(previously subsection (g)) was amended yet again to

the present subsection (c).[3] *See* Act No. 6141, § 1, Sess. L.

1997, p. 38. In the 1997 version, (which is the current version)

section "(g)," upon which Appellant partially bases his claim,

_____

[2] Former subsection 4503(g) reads: Section 1: "The Director is
authorized to use the facilities of the United States Bureau of Prisons in
accordance with agreement between the Virgin Islands and the United States
Department of Justice when the Director determines detention and/or
correctional facilities within the Virgin Islands are inadequate to serve the
best interests of the inmate or the general welfare of the Territory." Act No.
4399 (Approved January 22, 1980). Section 2: "No later than 20 days after the
date of enactment of this act the Director of the Bureau of Corrections shall
promulgate rules and regulations establishing the procedure by which he will
make determinations pursuant to the authority given the Director under Section
1 of this act." *Id.*

[3] The 1997 version of 4503(c), unlike previous subsection (g), contains
no provisions requiring the Bureau of Corrections to promulgate rules,
regulations or procedures to determine the compatibility, efficacy or adequacy
of educational or vocational programs at facilities Virgin Islands' prisoners
are transferred to. However, the current version specifically requires that
educational and vocational programs be made available to transferred inmates,
a requirement that was not expressly present in previous subsection (g).

*Merel Smith v. Gov't of the V.I.*
D.C. Civ. App. No. 2006/0044
Memorandum Opinion
page 7

was eliminated. The current and applicable version of 5 V.I.C.

§ 4503 contains no provisions that require the Director of the

Bureau of Corrections to promulgate rules or regulations to

govern the ascertainment of educational opportunities for

transferred inmates.

Appellant was transferred to Wallens Ridge on August 2, 2001

(Appellant's Brief p. 13, 16.) Hence, the 1997 version of § 4503

would be applicable to this appeal. Thus, the pertinent portion

of the statute in dispute states:

> [T]he Attorney General shall ascertain and ensure the
> availability of educational and/or vocational programs
> at the institution they are to be transferred to for
> the purpose of enabling such inmates to gain marketable
> skills, and provided further that no inmate is to be
> transferred to any institution lacking any such
> program(s). 5 V.I.C § 4503(c).

The Supreme Court has emphasized that in interpreting a

statute a Court should always turn first to one, cardinal canon

before all others. "[C]ourts must presume that a legislature says

in a statute what it means and means in a statute what it says

there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54,

112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Only ambiguous statutes

should be subject to statutory interpretation. *United States v.*

*American Trucking Ass'ns*, 310 U.S. 534 (1940). Ambiguity exists

when reasonable persons can interpret a statute in two or more

*Merel Smith v. Gov't of the V.I.*
D.C. Civ. App. No. 2006/0044
Memorandum Opinion
page 8

different ways. *Barnes v. Cohen*, 740 F.2d 1009 (3d. Cir. 1984).
Consequently, the "first step in interpreting a statute is to
determine whether the language at issue has a plain and
unambiguous meaning with regard to the particular dispute in the
case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, (1997), 117 S.Ct.
843, 846, 136 L.Ed.2d 808 (1997). When the words of a statute are
unambiguous, then, this first canon is also the last: judicial
inquiry is complete. *Id.*

Appellant's challenge is predicated on the contention that
the Director of the Bureau of Corrections failed to promulgate
rules and regulations, mandated by the legislature, establishing
the procedure by which the Bureau of Corrections ascertained the
availability of educational and/or vocational programs at the
institution to which a Virgin Islands inmate is transferred.
(Appellant's Brief p. 20-21.) However, in this matter, the words
of the statute are clear. A plain reading of this statute reveals
that the Attorney General must: 1)determine that educational
programs exist at the facility to which an inmate is transferred;
2) ascertain that the purpose of such programs are for inmates to
gain marketable skills; and 3)ensure that no inmate be
transferred to any institution lacking such programs. There is no
requirement that the programs be comparable, nor that the
Attorney General promulgate rules that ascertain that one

*Merel Smith v. Gov't of the V.I.*
D.C. Civ. App. No. 2006/0044
Memorandum Opinion
page 9

institution's programs are more or less effective at making an

inmate marketable than another institution's programs. While

Appellant's desire to seek educational opportunities tailored to

his aspirations are well-placed, the statute cannot be

interpreted to create procedures nor objective criteria that are

not within its text. As such, the trial court did not err.

### 2. The trial court's findings of fact

On November 7, 2005, the trial court denied Appellant's

remanded Petition for Writ of Habeas Corpus. Appellant challenges

the trial court's findings of facts. The trial court's findings

of facts are examined under a clearly erroneous standard of

review. *C.f. Ram Const. Co., Inc. v. American States Ins. Co.*,

749 F.2d 1049, 1953 (3d Cir. 1984); *Parrott v. Government of the*

*Virgin Islands*, 41 V.I. 188, 56 F. Supp. 2d 593, 594 (D.V.I. App.

Div. 1999).

In denying Appellant's Petition, the trial court held that

not only were several educational and vocational programs offered

at Wallens Ridge, but that Appellant completed the Adult Basic

Education and Cognitive Skills Program in 2002 and applied for

the Anger Management program the same year. (November 7, 2005

Superior Court Order p. 2.)

This Court does not reverse a trial court's factual

*Merel Smith v. Gov't of the V.I.*
D.C. Civ. App. No. 2006/0044
Memorandum Opinion
page 10

determination unless that determination either (1) is completely
devoid of minimum evidentiary support displaying some hue of
credibility or (2) bears no rational relationship to the
supportive evidentiary data. *Georges v. Virgin Islands*, 119 F.
Supp. 2d 514, 519 (2000). A trial court's finding of fact is
clearly erroneous when the reviewing court on the entire evidence
is left with the definite and firm conviction that a mistake has
been committed. *Id.* Where there are two permissible views of the
evidence, the judge's choice between them cannot be clearly
erroneous. *See Linder and Assocs., Inc. v. Aetna Casualty and
Surety Co.*, 166 F.3d 547, 551 (3d Cir. 1999).

In support of his challenge to the trial court's factual
findings, Appellant argues that he did not participate in the
Adult Basic Education course and as such, this court erred in its
factual conclusion. (Appellant's Brief p. 31.) However,
Appellant's choice not to enroll in more classes does not defeat
the factual finding that he did enroll and complete at least once
course and that several Adult Basic Education courses and other
vocational and educational courses continue to be available to
him. As such, it cannot be said that the record is devoid of
evidentiary support displaying some hue of credibility that:
1)there are educational and/or vocational programs at Wallens
Ridge and 2)that these programs were and are available to
Appellant. Hence, this Court cannot conclude that the trial court

*Merel Smith v. Gov't of the V.I.*
D.C. Civ. APP. NO. 2006/044
Memorandum Opinion
Page 11

judge's determination bore no rational relationship to the

supportive data. Accordingly, under a clearly erroneous standard

of review, this Court affirms the trial court's findings of

fact.[4]

## IV. Conclusion

For the reasons cited above, the trial court's findings of

fact and conclusions of law concerning 5 V.I.C. § 4503(c) are

affirmed. Accordingly, the trial court's denial of Appellant

Meral Smith's Petition for Writ of Habeas Corpus is hereby

**AFFIRMED.**

---

[4] Appellant also challenges the trial court's factual findings based on
his contention that the trial court solely relied on Appellee's "information
and documents" and inappropriately disregarded Appellant's exhibits and legal
arguments. This argument was not raised below and is only afforded plain error
review. Nothing in the record indicates that the trial court judge disregarded
Appellant's submissions, exhibits or arguments. Accordingly, we conclude that
this argument is wholly without merit.